# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 07-3874 |
| | § | |
| CITY OF BRYAN, *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Robert C. Jones, proceeding *pro se*,[1] filed this employment discrimination suit against his former employer, the City of Bryan, Texas. Jones also sued several individuals who worked for the City, Lawrence Carter, Hugh Walker, Kelly Williams, and Kari Griffin.

Jones was fired from his job in the City's Water Department on October 7, 2005. He alleges that he was fired because of his race. Jones asserts violations of "the Equal Employment Act and the State of Texas Constitution" and alleges that "he has suffered from Wrongful Termination, Discrimination and Racial Profiling at the hands of the City of Bryan et. al.," and that "public servants acted under color of their office with the City of Bryan intentionally to subject Plaintiff to mistreatment, unemployment that they knew or should have known was wrongful." (Docket Entry No. 1).

---

[1] Jones retained an attorney after filing this suit.

Jones filed a complaint with the EEOC on May 8, 2006. The EEOC mailed his notice of right-to-sue on November 15, 2006. He filed suit in state court on October 12, 2007. The City removed this suit from state to federal court on November 16, 2007.[2]

The defendants have moved to dismiss Jones's claims under Rule 12(b)(6), primarily on the basis of limitations. (Docket Entry No. 8). Jones responded. (Docket Entry No. 17). Based on a careful review of the motion, the response, the record, and the applicable law, this court grants the defendants' motion to dismiss and enters final judgment by separate order.

The reasons are explained in detail below.

## I.     The Legal Standard for a Motion to Dismiss

The Supreme Court recently clarified the standards that apply to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, __ F.3d __, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct.

---

[2] At the time of removal, the only defendant served was the City. Since then, Griffin and Walker have also been served.

2197, 2200 (2007).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *see also Sonnier*, 2007 WL 4260892, at *1 (quoting *Twombly*, 127 S.Ct. at 1965).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 127 S. Ct. at 1966) (internal quotations omitted).

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.  FED. R. CIV. P. 12(b)(6).  Various circuits have specifically allowed that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998).  In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.  The Fifth Circuit has approved of this practice.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense if the defense clearly appears on the face of the complaint. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987). When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given a chance to amend under Rule 15(a) before the action is dismissed with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

**II.   Analysis**

In their motion to dismiss, the defendants characterize Jones's complaint as asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and a "state constitutional tort." (Docket Entry No. 8). The defendants move to dismiss on the grounds that Jones failed to file his discrimination suit within the limitations period and that there is no constitutional tort recognized in Texas. (*Id.*). In his response to the defendants' motion to dismiss, Jones clarifies that he is asserting claims under 42 U.S.C. §§ 1981 and

4

1983 and Title VII, 42 U.S.C. § 2000e, *et seq.* Jones's characterization is consistent with the City's notice of removal, which stated that Jones's claims "are based on the federal constitution and Title VII of the Civil Rights Act." (Docket Entry No. 1). Liberally construed, the complaint asserts claims under Title VII and sections 1981 and 1983. *See Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996) (stating that a court must liberally construe a complaint filed by a *pro se* plaintiff); *Belcher v. Judd*, No. 3:07-CV-0348-R, 2007 WL 2375081, at *1 (N.D. Tex. Aug. 20, 2007) (liberally construing *pro se* claim for denial of proper medical care as asserting a claim under section 1983); *Starr v. Martinez*, No. EP-05-CA-084-DB, 2006 WL 4511948, at *1 (W.D. Tex. Nov. 3, 2006) (footnote omitted) ("Plaintiffs, who are proceeding *pro se*, termed their cause of action a "Bivens Action," which the Court construes to be a reference to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971).").

### A. Jones's Title VII Claim

Title VII prohibits an employer from discriminating against an employee on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Jones complied with the requirement to file a timely complaint with the EEOC. He did not, however, comply with the requirement to file his lawsuit within ninety days after receiving his right-to-sue letter from the EEOC. *Hall v. Cont'l Airlines, Inc.*, 252 Fed. Appx. 650, 653 (5th Cir. 2007); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).

The requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *Taylor*, 296 F.3d at 379 (5th Cir. 2002) (citing *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)). "Courts within this circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Bowers v. Potter*, 113 Fed. Appx. 610, 612 (5th Cir. 2004) (citing *Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept.25, 2001)).

The ninety-day period is subject to equitable tolling. The plaintiff bears "the burden of establishing a factual basis justifying tolling of the limitations period." *Bowers*, 113 Fed. Appx. at 613 (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231 (5th Cir. 1999)).. Equitable tolling depends on whether the EEOC provided adequate notice of the complainant's right to sue; whether a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; whether the court itself has led the plaintiff to believe that he has done everything required; or whether affirmative misconduct on the part of the defendant lulled the plaintiff into inaction. *St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

Jones filed this suit almost eleven months after receiving his right-to-sue letter, long after the ninety-day limitations period expired. Jones does not dispute that he filed suit more than ninety days after he received the right-to-sue letter. (Docket Entry No. 17 at 3). Jones argues that the limitations period should be tolled because he lacked the resources to file this

action sooner, it would be unjust for the defendants to benefit from the financial hardship caused by his being fired, he is proceeding *pro se*, and the alleged unlawful act was egregious. (*Id.*).

A plaintiff's financial hardship does not warrant equitable tolling. *See Johnson v. Johnson*, No. 98-10947, 1999 WL 767047, at *1 (5th Cir. Sept. 3, 1999) (declining equitable tolling for indigent habeas petitioner); *Butler v. San Francisco Unified School Dist.*, No. 90-16480, 1992 WL 180214, at *2 (9th Cir. July 29, 1992) (rejecting Title VII plaintiff's argument that equitable tolling was warranted "because he received confusing materials from the opposing party; he lacked financial assistance and could not obtain legal counsel; and he was hindered from filing because of the 1989 San Francisco earthquake"); *Modisette v. Dallas Area Rapid Transit*, No. 3-06-CV-2199-B, 2007 WL 582746, at *2 (N.D. Tex. Feb. 23, 2007) (quoting *Hannahs v. United States*, No. 94-2459-G, 1995 WL 230461, at *3 (W.D. Tenn. Jan. 30, 1995)) ("Financial hardship . . . is not sufficient to warrant equitable tolling of the limitations period.").

The fact that a plaintiff is proceeding *pro se* does provide a basis for tolling the limitations period. *See Booker v. U.S. Postal Service*, No. 97-30259, 1997 WL 802483, at *1 (5th Cir. Nov. 19, 1997) (declining equitable tolling that was based on fact that Title VII plaintiff is *pro se*); *King v. Miss. Employment Sec. Comm'n*, No. 94-60133, 1994 WL 558931, at *2–3 (5th Cir. Sept. 29, 1994) (declining equitable tolling for *pro se* Title VII plaintiff); *see also Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, at *6 (6th Cir. Dec. 19, 2000) (per curiam) ("[A]ll [Title VII] claimants, including *pro se*

claimants, have a responsibility to meet the requirements of the law."); *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996) ("[*P*]*ro se* status does not relieve [a plaintiff] of the obligation to meet procedural requirements established by law.").

Jones does not allege or argue any of the grounds that would justify equitable tolling. There is no indication that the EEOC failed to provide adequate notice or that Jones was misled by the EEOC or the defendants about the deadline for filing suit. Equitable tolling is not appropriate in this case. *See St. Louis*, 65 F.3d at 47–48 (citing *Baldwin County Welcome Ctr.*, 466 U.S. at 151) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Modisette*, 2007 WL 582746, at *2 (refusing to toll the limitations period because "Plaintiff does not allege, much less offer any evidence, that she actively pursued her judicial remedies during the statutory filing period or was tricked or induced by defendant into allowing the filing deadline to pass" and rejecting plaintiff's argument that the court should "toll the statute of limitations on equitable grounds because of financial hardships caused by [plaintiff's] termination").

Jones's Title VII claim is dismissed because it was not filed within the applicable limitations period and no basis for tolling applies.

### B.     Jones's Claims under Sections 1981 and 1983

The limitations period for claims under sections 1981 and 1983 is borrowed from the forum state's limitations period for general personal injury causes of action. In Texas, this period is two years. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citation omitted); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (citations

omitted).  Although state law determines the limitations period, federal law determines when the claim accrues.  *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir.1989).  Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *Id.*

Jones was fired on October 7, 2005.  His complaint makes it clear that he knew at that time the facts on which his race discrimination claim is based.  Jones filed this suit on October 12, 2007, after the two-year limitations period expired.  Jones has failed to identify any grounds that would justify tolling the limitations period.  Filing a charge with the EEOC under Title VII does not toll the limitations period for a related claim under section 1981 or 1983.  *See Taylor v. Bunge Corp.*, 775 F.2d 617, 618–19 (5th Cir. 1985) (footnote omitted).

Jones's section 1981 and 1983 claims are dismissed because they were not filed within the limitations period and no basis for tolling that period applies.

### III.   Conclusion

The defendants' motion to dismiss is granted.  Leave to amend is not granted because it would be futile.  Final judgment is entered by separate order.

SIGNED on June 23, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge